UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAROY SADDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1049 RWS |
| | ) |
| MIKE GOODRICH, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND AMENDED CASE MANAGEMENT ORDER

This matter is before me on defendant Dempsey's motion to dismiss and on plaintiff's motion for an extension of time. Both motions will be granted. Dempsey moves to be dismissed from this case on the ground that plaintiff's amended complaint makes no references to him. Although I construe a pro se plaintiff's complaint liberally, I must dismiss Dempsey because neither plaintiff's complaint nor has amended complaint makes any allegations against him. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Mayorga v. Missouri, 442 F.3d 1128, 1132 (8th Cir. 2006) (internal citations and quotation marks omitted). Stated another way, "[plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." Id. Although plaintiff describes in detail how defendant Goodrich allegedly violated his

constitutional rights, there are no specific allegations against defendant Dempsey in either pleading. In fact, Dempsey is not even mentioned in the body of either complaint. For this reason, defendant Dempsey is dismissed from this case. Plaintiff's claims against defendant Goodrich remain pending.

The Court will grant plaintiff an extension of time to complete discovery. Plaintiff is reminded of his obligation to notify the Court, the defendant and any third persons to whom he has issued subpoenas of any change in address.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dempsey's motion to dismiss [#23] is granted, and plaintiff's claims against defendant Dempsey only are dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time [#36] is granted, and the following amended schedule shall apply in this case:

1. This case has been assigned to Track 5B (Prisoner Standard).

2. All motions for joinder of additional parties or amendment of pleadings shall be filed no later than **May 26, 2008.**

3. No later than **April 26, 2008** each party shall disclose to the other party the following:

(a) Plaintiff shall submit to the defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim.

(b) Plaintiff shall submit to the defendant all documents that

plaintiff believes mention, relate to, or in any way support plaintiff's claim.

(c) Defendant(s) shall submit to the plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; defendant(s) shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

(d) Defendant(s) shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendant(s) shall, at their option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant(s) need not produce individual files of other prisoners who are not parties to the action. Defendant(s) may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

4. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **July 7, 2008**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

5. Defendants are granted leave of Court, pursuant to Rule 30(a), Fed.R.C.P., to take the deposition of plaintiff, upon reasonable notice.

6. The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

7. Any motion for summary judgment must be filed no later than **August 7, 2008**. Failure to file such a motion within that time period will waive a party's right to do so before trial.

This order specifically preempts any provision of local rule to the contrary. It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2007.