UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAROY SADDLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1049 RWS |
| | ) |
| MIKE GOODRICH, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Saddler has sued Officer Mike Goodrich under 42 U.S.C. § 1983, claiming that his constitutional rights were violated during a traffic stop on March 23, 2006. Before me now is defendant's motion for summary judgment.[1] Plaintiff, who is proceeding pro se, has filed a document entitled "Motion for Summary Judgment," which the Court will construe liberally as a opposition to defendant's motion and a cross-motion for summary judgment. For the reasons that follow, defendant is entitled to judgment as a matter of law on plaintiff's claims.

---

[1] Plaintiff's amended complaint against defendant Mike Dempsey was dismissed without prejudice by my Memorandum and Order dated November 1, 2007. Therefore, only plaintiff's claims against defendant Goodrich remain pending.

## Standards Governing Summary Judgment

A court may grant a motion for summary judgment only if it finds that all the evidence before it demonstrates "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden is on the moving party. Id. The court must view all facts and resolve all ambiguities in favor of the non-moving party. Id. However, the non-moving party must set forth specific facts showing that there is sufficient evidence to allow a jury to return a verdict in that party's favor. Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). Under these standards I review the facts in this case.

## Background Facts

Plaintiff claims that defendant used excessive force to arrest him following a traffic stop and high speed pursuit that ended when plaintiff crashed his vehicle and tried to escape. On March 23, 2006, defendant pulled plaintiff over on Interstate 70 in St. Louis County for following another vehicle too closely. Plaintiff alleges that after he denied the allegation, defendant became angry, pulled out his firearm, and tried to shoot him. Plaintiff then sped off, and after being chased eventually crashed his vehicle, jumped out, and tried to run away. However, plaintiff states that he then decided not to run and surrendered to defendant. Plaintiff alleges that defendant then

struck him in the head with his firearm and handcuffed him, and then defendant and other unknown officers continued to beat him. Plaintiff alleges that he was seriously injured from defendant's actions.[2]

**Discussion**

Police officers such as defendant may be sued under § 1983 in official and individual capacities. Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). However, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Here, plaintiff's amended complaint is silent as to the capacity in which defendant is being sued. Therefore, it is assumed that defendant is sued only in his official capacity. Id. A suit against defendant in his official capacity is treated as a suit against the municipality itself, in this case the City of St. Ann. See id.

A municipality cannot be held vicariously liable in a § 1983 action for the unconstitutional acts of its employees. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Instead, to hold defendant liable plaintiff must identify a municipal policy or custom that caused the injury. Mettler v. Whitledge, 165 F.3d

---

[2]As a result of the traffic stop, plaintiff pled guilty to Second Degree Assault, Resisting Lawful Detention, Driving While Intoxicated, Driving While Suspended, Following Too Closely, and Speeding 20 mph Over Posted Limit.

1197, 1204 (8th Cir. 1999). Plaintiff's amended complaint makes no such allegations. However, even construing plaintiff's pro se pleading liberally to state a claim based upon a failure to train or other custom and practice claim, plaintiff's claim still fails as a matter of law.[3]

To prove a custom or practice claim under § 1983, plaintiff must show the existence of "a prior pattern of unconstitutional conduct that is so persistent and widespread as to have the effect and force of law." Andrews v. Fowler, 98 F.3d 1069, 1075 (8th Cir. 1996) (internal citations and quotation marks omitted). If plaintiff demonstrates the requisite pattern of misconduct, plaintiff must then prove "deliberate indifference to or tacit authorizations of such conduct by the governmental entity's policy making officials after notice to the officials of that misconduct." Ware v. Jackson County, Missouri, 150 F.3d 873, 880 (8th Cir. 1998). Finally, plaintiff must demonstrate that he was injured by the custom to recover on his § 1983 claim, which means that he must show that the custom "was the moving force behind the constitutional violation." Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

Plaintiff's amended complaint and his summary judgment materials are devoid of any allegations or evidence necessary to prove a custom and policy claim, and in his

---

[3]Plaintiff's amended complaint makes no allegations that his constitutional rights were violated by an "action pursuant to official municipal policy," either. See Ware v. Jackson County, Missouri, 150 F.3d 873, 880 (8th Cir. 1998).

deposition he admitted he has no evidence to support this claim. For this reason, plaintiff's § 1983 claim against defendant based upon a custom or practice fails as a matter of law.

A municipality may also be held liable for deficient policies regarding supervising or training police officers where 1) its supervision or training practices are inadequate; 2) it was deliberately indifferent to the rights of others in adopting them, such that the failure to supervise or train police officers reflects a deliberate or conscious choice by the municipality; and 3) an alleged deficiency in municipal supervision or training procedures actually caused plaintiff's injuries. Fowler, 98 F.3d at 1076. Finally, plaintiff must also establish that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Id.

Here, plaintiff offers no evidence that the City of St. Ann had notice that its procedures regarding the supervision of its police officers, including defendant, were inadequate and likely to result in a violation of constitutional rights, or that defendant had demonstrated a prior pattern of unconstitutional conduct that was so "widespread or flagrant" as to have the force and effect of law. Thelma D. v. Board of Education, 934 F.2d 929, 933 (8th Cir. 1991). Finally, plaintiff has offered no evidence that St. Ann officials "had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992).

Accordingly, plaintiff's § 1983 claim for failure to supervise fails as a matter of law.

Finally, as for any failure to train claim that plaintiff may be attempting to bring, defendant has submitted admissible evidence of training received by defendant, both at the police academy and while employed by the City of St. Ann. This evidence, which is not refuted by plaintiff, demonstrates that defendant's training is constitutionally adequate. See Fowler, 98 F.3d at 1007; Williams-El v. Johnson, 872 F.2d 224, 230 (8th Cir. 1989). For this reason, plaintiff's § 1983 failure to train claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#47] is granted, and plaintiff's amended complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [#46] is denied.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of January, 2009.